UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHN DOE**,

        Plaintiff,

v.   Case No:   6:18-mc-55ORL41GJK

**PLATINUM PROPERTIES INVESTOR NETWORK, INC.**, *et al.*,

        Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 10)** |
| **FILED:** | **October 11, 2018** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED.** | |

## I. BACKGROUND.

On September 24, 2018, Plaintiff filed an emergency motion to quash subpoena and an emergency motion for a temporary restraining order ("TRO"). Doc. Nos. 1 and 2. The subpoena issued from a case pending before the United States District Court for the Southern District of Florida, *Platinum Properties Investor Network, Inc., the Hartman Media Company, LLC, and Jason Hartman v. John Does 1-2*, Case No. 0:18-cv-61907-DPG (S.D. Fla.). Doc. No. 13-1. The subpoena sought information from a third-party, Bluehost, that would provide Plaintiff's identity to Defendants and was based on an expedited discovery order issued by the United States District Court for the Southern District of Florida. Doc. No. 1-1 at 4; Doc. No. 11-1 at 2-3.

Plaintiff sought to quash the subpoena on procedural and substantive grounds, procedurally because the subpoena carried an incorrect case number and required performance in Orlando, when Bluehost is located in Utah, and substantively because it would impact Plaintiff's First Amendment rights.   Doc. No. 1 at 5-7.

On September 25, 2018, the Court issued an order granting the TRO on the procedural grounds raised by Plaintiff.  Doc. No. 3.  On September 26, 2018, Defendants filed a motion to dissolve the TRO and to deny Plaintiff's motion to quash as moot.  Doc. No. 4.  Defendants sought relief based on their withdrawal of the subpoena on September 26, 2018.   Doc. No. 4 at 2; Doc. No. 4-1 at 2. That motion was denied for failure to comply with Local Rule 3.01(g) but Defendants were provided leave to refile the motion.  Doc. No. 6.  The motion was refiled on October 3, 2018, and this Court granted Defendants' motion to dissolve the TRO and denied the motion to quash as moot on October 9, 2018.   Doc. Nos. 8 and 9.   The case was then closed.

On October 11, 2018, Plaintiff filed a Motion for Attorney's Fees and Costs (the "Motion"). Doc. No. 10.   Plaintiff did not request attorney's fees in its motion to quash.  Doc. No. 1.   On October 26, 2018, Defendants filed a response in opposition to the Motion (the "Response"). Doc. No. 11. On November 21, 2018, Defendants filed a notice of an order denying Plaintiff's motion to stay discovery and set briefing schedule which was filed in the Southern District of Florida in response to a second subpoena served on Bluehost.   Doc. Nos. 13, 13-1.

## II. ANALYSIS.

Plaintiff seeks attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), 28 U.S.C. § 1927, and Federal Rule of Civil Procedure 11(c)(3).  Doc. No. 10 at 1.   However, Plaintiff only provides substantive argument in support of its request for attorney's fees pursuant to Rule 37(a)(5).   Defendants argue that Plaintiff is not entitled to attorney's fees for obtaining a

TRO, that Plaintiff failed to attempt to resolve this matter in good faith prior to filing both emergency motions, that Defendants were substantially justified in seeking discovery pursuant to the subpoena, and that it would be otherwise unjust to award fees. Doc. No. 11.

In cases where a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order such payment if: 1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; 2) the opposing party's nondisclosure, response, or objection was substantially justified; or 3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). An "award of sanctions under Rule 37(a)(5) turns on the specifics of each individual case." *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1314 (11th Cir. 2011).

Here, the Court entered an order denying the motion to quash as moot because the parties agreed that the motion to quash should be denied after Defendant withdrew the subpoena. Doc. No. 9. Plaintiff essentially claims entitlement to attorney's fees for both motions under Rule 37(a)(5) based on the fact a motion to quash was filed, a related TRO was granted, and the subpoena was withdrawn after the motions were filed. Doc. No. 10.

Local Rule 3.01(g) provides that "before filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion." Rule 3.01(g) specifically provides that a "certification to the effect that

opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer."

Plaintiff's counsel first left a voicemail for attorney Doppelt on the morning of September 24, 2018.  Doc. No. 10 at 2.  Plaintiff received an email from attorney Doppelt's office at about 11:00am stating attorney Doppelt would be unavailable until the afternoon.  Doc. No. 10 at 3.  Plaintiff then explains in the Motion that "Given the short time for compliance with the subpoena and the need for extraordinary relief in the form of a TRO, counsel proceeded forward with filing the motion to quash and motion for TRO."  Doc. No. 10 at 3; Doc. No. 10-1 at 2.  Plaintiff's counsel essentially concedes he did not confer with opposing counsel of record prior to filing the motion to quash.  Plaintiff's motion to quash also fails to comply with Local Rule 3.01(g) in that there is no certification in the motion.  Doc. Nos. 1; 11 at 4-5.  Motions are routinely denied for failure to comply with Local Rule 3.01(g).  In fact, this Court had occasion to deny Defendants' first motion to dissolve for the same reason.  Doc. No. 6.  As such, had the emergency motion to quash been reviewed prior to being denied as moot, it would have been denied based on its lack of compliance with Local Rule 3.01(g).  The Court finds Plaintiff failed to confer with opposing counsel in good faith prior to filing the motion to quash as required by Local Rule 3.01(g), Plaintiff also failed to provide the required certification in its motion to quash, and the Court finds that it would be otherwise unjust to award attorney's fees pursuant to Rule 37(a)(5) under the circumstances presented herein.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 10) be **DENIED**.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives

that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on December 13, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record